**E-Filed 06/25/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHENG HUANG,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br>EMILIO T. GONZALEZ, Director of United States Citizenship and Immigration Services;<br>ROBERT DIVINE, Acting Deputy Director of U.S. Citizenship and Immigration Services;<br>ROBERT S. MUELLER, Director of the Federal Bureau of Investigation;<br>ALBERTO GONZALES, United States Attorney General<br><br>                Defendants. | Case Number C 07-0277 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM<br><br>[re: docket no. 5] |

### I. BACKGROUND

Plaintiff Cheng Huang is a native of the People's Republic of China who submitted an I-485 application to the United States Citizenship and Immigration Service ("USCIS") on February 25, 2005, seeking to adjust his immigration status to that of lawful permanent resident. The

---

[1] This disposition is not designated for publication and may not be cited.

application remains unadjudicated after more than two years. Plaintiff asserts that he has made numerous inquiries of the USCIS and the FBI regarding his application. On January 17, 2007, he filed the complaint ("Complaint") in this action, alleging that Defendants have violated the Administrative Procedures Act ("APA") by unreasonably delaying the adjudication of his application. Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants to process his application. On March 22, 2007, Defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that their duty to process I-485 applications within a particular time frame is wholly discretionary and that the APA exempts such discretionary agency actions from judicial review. The Court concludes that this motion is appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b).[2]

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Under the APA, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within reasonable time, each agency shall proceed to conclude the matters presented to it." 5 U.S.C. § 555(b). Should an agency not proceed pursuant to section 555(b), a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To invoke subject matter jurisdiction under the APA, a petitioner must show (1) that Defendants had a nondiscretionary duty to act and (2) that Defendants unreasonably delayed in acting on that duty. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65; 5 U.S.C. §§ 555(b), 706(1). *See also Gelfer v. Chertoff*, 2007 WL 902382 * 1 (N.D. Cal. 2007).

---

[2] The Court recently decided similar motions in *Tang v. Chertoff*, No. C 07-0395 (N.D. Cal. June 5, 2007) (order denying motion to dismiss), *Tang v. Chertoff*, No. C 07-0683 (N.D. Cal. June 5, 2007) (same), and *Chen v. Chertoff*, No. C 06-7837 (N.D. Cal. June 6, 2007) (same).

1  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims
2  asserted in the complaint. In resolving a motion under Rule 12(b)(6), the Court must construe the
3  complaint in the light most favorable to the Plaintiff, and accept Plaintiff's factual allegations as
4  true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### III.  DISCUSSION

**1. Defendants' Nondiscretionary Duty**

Defendants argue neither section 1361 nor the APA is a basis for subject matter jurisdiction because Defendants' duty to process the I-485 applications in a particular time frame is discretionary. Motion 8-9. The Immigration and Nationality Act ("INA") authorizes "the Attorney General, in his discretion," to adjust to permanent resident status certain aliens who have been admitted into the United States. 8 U.S.C. § 1255. However, as the government has conceded in at least two similar actions, see *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007), and *Gelfer*, 2007 WL 902382 at * 2, while its duty to grant an adjusted status is discretionary, its duty to *process* I-485 applications under section 1255 is nondiscretionary. *Id*.

**2. Defendants' Unreasonable Delay**

To establish jurisdiction, Plaintiff also must demonstrate that Defendants have failed to act within a reasonable period of time. Unreasonable delay may be redressed by a writ of mandamus. *See Singh*, 470 F. Supp. 2d at 1068 ("petitioners whose applications for adjustment in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time."); *Gelfer*, 2007 WL 902382 at * 4 - * 5 ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485] application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. § 555(b)"). Although no time frame is defined in the INA, "a contrary position would permit [Defendants] to delay indefinitely," and "Congress could not have intended to authorize potentially interminable delays." *Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999) (addressing section 1255 and other INA statutes).

Plaintiff filed his I-485 application on February 25, 2005, and the application has been awaiting FBI name check since at least October 18, 2005. Defendants state that FBI returns 90

3

Case No. C 07-0277 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1  percent of the name checks submitted by USCIS within 60 days. Motion 5. The Court appreciates
2  that the security checks performed on I-485 applications are essential to the nation's security and
3  that the number of applications that must be checked has increased drastically since 9/11.
4  However, Defendants do not identify any specific actions they have taken to process Plaintiff's
5  application, nor do they provide a sufficiently specific explanation for their exceedingly long
6  delay in doing so. On the instant record, which lacks a particular explanation as to the cause of
7  the delay, the Court concludes that a delay of more than two years is unreasonable under the
8  APA. *See Gelfer*, 2007 WL 902382 at *3 (a two year delay in processing an I-485 application is
9  unreasonable as a matter of law); *Wu v. Chertoff*, 2007 WL 1223858 (N.D. Cal. 2007) (a three
10 year delay in processing an I-485 application is an unreasonable amount of time as a matter of
11 law).
12         Accordingly, the Court concludes that it has subject matter jurisdiction over Plaintiff's
13 complaint under § 1361 and the APA. Defendants have a nondiscretionary duty to process
14 Plaintiff's I-485 application within a reasonable period of time and Defendants have delayed
15 unreasonably in fulfilling this duty. Assuming as it must at the pleading stage that Plaintiff's
16 factual allegations are true, the Court expresses no opinion as to the proper outcome of the
17 review of Plaintiff's I-485 application. As noted above, the Court lacks jurisdiction to review the
18 outcome of that discretionary review. *See Norton*, 542 U.S. at 65; *Gelfer*, 2007 WL 902382, at
19 *2; *Chen v. Chertoff*, No. C-06-07927 at 3-4 (N.D. Cal. Apr. 18, 2007) (order denying motion to
20 dismiss).

21                                **IV.  ORDER**
22 Good cause therefor appearing, IT IS HEREBY ORDERED:
23 (1) Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to
24     state a claim is DENIED.
25 (2) The Department of Homeland Security is the agency responsible for implementing the
26     Immigration and Nationality Act, and so Michael Chertoff, in his capacity as Secretary of
27     the Department of Homeland Security is the only relevant Defendant in this action. This
28     matter is dismissed, in its entirety, as to Defendants Emilio T. Gonzalez, Robert Divine,

1 | Robert S. Mueller, and Alberto Gonzales.

DATED: 06/25/2007

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-0277 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)

1  This Order has been served upon the following persons:

2  Edward Olsen          Assistant United States Attorney
3                        450 Golden Gate Avenue, Box 36055
                         San Francisco, CA 94102
4

5  Cheng Huang           395 Ano Nuevo Avenue, Apt. 614
                         Sunnyvale, CA 94085

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
Case No. C 07-0277 JF
ORDER DENYING MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM
(JFEX1)